UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DANIEL SHULTS )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br> )<br>PORTFOLIO RECOVERY GROUP, LLC )<br>    Defendant, )<br> )<br> ) | Civil Action No.<br>4:11-cv-198 |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Daniel Shults an individual consumer, against Defendant, Portfolio Recovery Group, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') and the Texas Debt Collection Practices Act, § 392 *et seq.* (hereinafter, "TDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III.     PARTIES

3. Plaintiff, Daniel Shults is a natural person residing in Lewisville, Denton County, Texas.

4. Defendant, Portfolio Recovery Group, LLC, is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in March of 2011.

7. Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed under an account number.

8. During collection calls and a voicemail message, Defendant's agent Mr. Cook has threatened to commence litigation against Plaintiff and to serve Plaintiff with a summons, when Defendant does not have the standing to do so.

9. To date, Defendant has not commenced litigation against Plaintiff.

10. During a voicemail message left by Defendant for Plaintiff, Defendant did not tell Plaintiff that the call was an attempt to collect to collect a debt.

11. Defendant was given knowledge that Plaintiff was represented by an attorney, and an agent of Defendant signed to receive certified mail from Plaintiff's attorney that told Defendant of that fact.

12. Upon information and belief, Defendant continued to call Plaintiff after having knowledge that Plaintiff was represented by an attorney.

13. During collection calls, Defendant threatened Plaintiff with arrest, which is action that Defendant does not have the legal authority to have done.

14. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in him feeling stressed.

### *V. CLAIM FOR RELIEF*

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

   (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(e) Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after the Defendant knows Plaintiff is represented by an attorney with regard to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address, and the attorney has not consented to communication with the Plaintiff; and

(f) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in arrest of Plaintiff when such action is unlawful and Defendant does not intend to take such action; and

(g) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication with Plaintiff that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose and the communication was not a formal pleading; and

    (h) Defendant violated *§1692e(7)* of the FDCPA by giving the false representation or implication that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Daniel Shults, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### VI.   CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19. Defendant violated TDCPA § 392.  Defendant's violations of TDCPA § 392 include, but are not limited to the following:

    a) Defendant violated TDCPA § 392.302(4) by calling Plaintiff's telephone to ring repeatedly or continuously, with the intent to harass a person at the called number, after having knowledge that Plaintiff was already represented by an attorney; and

    b) Defendant violated TFDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the above violations of the TDCPA § 392, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, Portfolio Recovery Group, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of TDCPA § 392.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Statutory damages pursuant to TDCPA § 392.

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and TDCPA § 392.

F. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,
April 28, 2011

By: /s/ Derek DePetrillo
Derek DePetrillo
BBO: 670303
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (603) 685-3323
Fax: (888) 712-4458
 Email:  attorneyderekd@consumerlawfirmcenter.com
Attorney for Plaintiff

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Daniel Shults, demands trial by jury in this action.